UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
June 24, 2019
Robin D. Tabora, Clerk
By_____
Deputy Clerk

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
R. Alexander Acosta, SECRETARY OF LABOR,   *
United States Department of Labor,         *
                                           *
                    Plaintiff,             *   CIVIL ACTION NO.
                                           *   3:16-cv-01519-AVC
        v.                                 *
                                           *
BRIDGEPORT HEALTH CARE CENTER, INC.        *
and CHAIM STERN, Individually,             *
                                           *
                    Defendants.            *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

### STIPULATION AND ORDER TO APPOINT INDEPENDENT FIDUCIARY

The Secretary of Labor (the "Secretary") and Defendant Bridgeport Health Care Center, Inc. ("BHCC") stipulate to the following provisions to appoint an Independent Fiduciary for the Bridgeport Health Care Center, Inc. Retirement Plan (the "Plan"), and the Court ORDERS, ADJUDGES, and DECREES that,

1. Northeast Retirement Services, Inc. ("NRS") is appointed as the Independent Fiduciary for the Plan. The Independent Fiduciary shall have the following powers, duties, and responsibilities:

    a. The Independent Fiduciary shall have responsibility and authority for administering the Plan and for making investment decisions for the Plan. Such administration and investment decisions shall be in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), and the Internal Revenue Code.

b. The Independent Fiduciary's responsibilities and authority with respect to the Plan shall include, but are not be limited to, each of the following:

i. Managing the investment of Plan assets;

ii. Providing third-party administration services to the Plan;

iii. Providing recordkeeping services to the Plan;

iv. Hiring additional service providers to the Plan (*e.g.*, custodian and independent auditor), if necessary;

v. Conducting a reasonable historical accounting review and reconciliation of Plan assets based on information provided to it by BHCC, the Department of Labor, relevant unions, service providers, or other entities;

vi. Establishing a reliable database for the Plan;

vii. Making demands for uncollected employer contributions and unremitted employee contributions. The Independent Fiduciary shall promptly notify the Secretary upon making such demands;

viii. Litigation involving the Plan and Plan assets (except for uncollected employer contributions and unremitted employee contributions for which the Independent Fiduciary will follow paragraph vii), if it deems such litigation would not be futile. This provision is consistent with trustee responsibilities under the Plan. The Plan shall pay such litigation expenses, subject to reimbursement through litigation. The Independent Fiduciary shall promptly notify the Secretary of all such litigation;

ix. Communicating with participants regarding the Plan, including providing statements to participants;

  x. Calculating participants' account balances and determining all questions of eligibility and amounts of Plan benefits;

  xi. Making benefit disbursements from the Plan and withholding and remitting the appropriate taxes;

  xii. Maintaining and preserving Plan assets, including reducing unnecessary or excessive expenses, as funds due and owing to the Plan are restored;

  xiii. Determining how to facilitate maintenance of the Plan's tax qualified status;

  xiv. Complying with appropriate records retention requirements of ERISA;

  xv. Filing appropriate documents, if required, with the Internal Revenue Service and the Department of Labor. The Plan shall pay for any services provided by an independent auditor.

  xvi. Adopting such rules and procedures as are helpful or necessary to carry out its duties; and,

  xvii. Terminating the Plan, if applicable.

 c. The Independent Fiduciary shall not be responsible for examining the entire history of the Plan's operations for instances of noncompliance with applicable law.

 d. The Independent Fiduciary shall have full access to all data, information, and calculations in the Plan's possession or under its control, including information contained in the records of the Plan's custodian and other service providers, bearing on the distribution of benefit payments, participant account balances, and current Plan assets. The Independent Fiduciary may rely on any document, certificate, statement, or other written representation made in the Plan's records that the Independent Fiduciary in good faith believes to be genuine, and on any certificate, statement, report, or other representation made to it by any agent, attorney, accountant, or other

expert retained by the Independent Fiduciary in connection with Plan administration and investment decisions for the Plan.

   e. Defendant BHCC is required to fully cooperate with the Independent Fiduciary including, but not limited to, providing all data, information, and documents requested in a timely manner.

   f. For the services performed pursuant to this Order, the Plan shall provide compensation to the Independent Fiduciary, not to exceed the total amount of $45,000.00 annually for fees, plus expenses in addition to those set forth above. The Independent Fiduciary shall be compensated on a quarterly basis. The Plan shall make payment within thirty (30) days after receipt of NRS invoices. The Plan shall pay interest on all past due balances at the highest rate permitted by law, but no greater than 1.5% per month. The Plan shall make the first payment, in the amount of $11,250.00, within fifteen (15) days of the date the Court enters this Order.

   g. The Independent Fiduciary shall not be liable for omissions or errors that occurred, or are logically attributable to events that occurred, prior to the effective date of this Order, including but not limited to: (i) any fines or penalties imposed by a governmental entity or agency of competent jurisdiction; (ii) restoration of missed profits; (iii) losses incurred; or, (iv) judgments.

   2. The Independent Fiduciary's appointment shall become effective on the date that the Court enters this Order. The Independent Fiduciary's appointment shall terminate upon the first to occur of: (i) the removal of the Independent Fiduciary from that office by the Court; (ii) the resignation of the Independent Fiduciary from that office provided that the Independent Fiduciary finds an acceptable replacement Independent Fiduciary and, with notice to the Regional Director of the Employee Benefits Security Administration of the U.S. Department of Labor, John F.

Kennedy Federal Building, Room 575, Boston Massachusetts 02203, moves this Court to have the replacement Independent Fiduciary appointed; or, (iii) the termination of the Plan.

3. Nothing in this Order is binding on any government agency other than the United States Department of Labor.

Dated 24 June, 2019

/s/

JUDGE HOLLY B. FITZSIMMONS
U.S. MAGISTRATE JUDGE

FOR NORTHEAST RETIREMENT SERVICES, INC.:

NRS agrees to be appointed as Independent Fiduciary of the Bridgeport Health Care Center, Inc. Retirement Plan, and to carry out the responsibilities as set forth above and ordered by the Court.

Dated: 6/21/19

Chris Hulse, EVP, Chief Operating Officer
Northeast Retirement Services, Inc.
12 Gill Street
Woburn, MA 01801

FOR PLAINTIFF SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR:

Celeste C. Moran
Senior Trial Attorney

Dated: 06/24/2019

FOR DEFENDANT BRIDGEPORT HEALTH CARE CENTER, INC.:

_____, Trustee
Jon P. Newton
Chapter 11 Trustee for Defendant Bridgeport Health Care Center, Inc.

and,

_____
Melicent B. Thompson
Attorney for Defendant Bridgeport Health Care Center, Inc.

Dated: 6/24/19