UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JULIE A. SU, Acting Secretary of Labor,[1]<br>United States Department of Labor,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>BRIDGEPORT HEALTH CARE CENTER, INC.<br>and CHAIM STERN, Individually,<br><br>　　　　　　　　　　　Defendants. | * * * * * * * * * * | CIVIL ACTION NO.<br>3:16-cv-01519-KAD |

## ORDER EXTENDING INJUNCTIVE RELIEF

The Acting Secretary of Labor's (the "Secretary's") Second Motion to Extend Injunction Temporarily Prohibiting Healthcare Providers (or their Collection Agents) from Direct Billing and/or Commencing or Continuing any Actions against Participants and Beneficiaries is hereby GRANTED. This Court's injunction, *see* ECF No. 179 & 199, is extended to **November 22, 2023**.

Wherefore, it is hereby:

**ORDERED** that upon notice, health care providers (or their collection agents) are prohibited from direct billing and/or commencing or continuing any actions against participants and beneficiaries of the Bridgeport Health Care Center, Inc. Benefit Plan (the "Health Plan"), including, but not limited to, making or continuing to make adverse credit reports related to unpaid health claims through November 22, 2023. This injunction applies to unpaid health

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Julie A. Su is automatically substituted as the proper Plaintiff in this case. For ease of reference, the Secretary and her pertinent predecessors will be referred to herein as the "Secretary."

claims from February 4, 2013 (billing date) through July 4, 2018 (service date), excluding co-pays, coinsurance, and deductibles; and it is further

**ORDERED** that, if the distribution of funds is not completed by November 22, 2023, the Secretary may move for an extension of this injunction; and it is further

**ORDERED** that the Secretary shall notify the Court when the administration of the funds in the Consent Judgment and Order is completed; and it is further

**ORDERED** that the Claims Administrator of the Health Plan, appointed pursuant to the Consent Judgment and Order, shall transmit this Order to healthcare providers (or their collections agents) known to it as currently pursuing claims against participants and beneficiaries, and known participants and beneficiaries.  The Claims Administrator shall identify the applicable participant and/or beneficiary to the healthcare provider (or collections agent) when transmitting the Order.  The Claims Administrator shall keep a record of the date, relevant participant and beneficiary, transmittal mode, and name and address of all entities and individuals to whom it sends this Order.  Upon the Court's request, the Claims Administrator shall issue a certification providing such information to the Court; and it is further

**ORDERED** that this Order shall not apply to any actions, whether legal, equitable, or administrative in nature, brought by the Secretary or any other federal governmental authority (including, but not limited to, those responsible for criminal matters) and any state or state agency.  This Order does not apply to any agency or department responsible for criminal matters and will not affect or resolve any criminal matters or criminal liability.  Nothing in this Order will affect the rights of any victims under any federal criminal statute; and it is further

**ORDERED** that any enjoined recipient of such notice may, within ten days of receipt of this Order file an objection to this Order with this Court; and it is further

**ORDERED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of May 2023.

                                         _/s/ Kari A. Dooley_
                                         KARI A. DOOLEY
                                         UNITED STATES DISTRICT JUDGE